IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| DAVID T. JOHNSON, | * |
|     Plaintiff, | * |
| vs. | *   CASE NO. 4:21-CV-219 (CDL) |
| URVASHI FOSTER, *et al.*, | * |
|     Defendants. | * |

O R D E R

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). Under Rule 10(b), a "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). A complaint that violates either of these rules may be dismissed as a shotgun pleading. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (further defining shotgun pleading categories).

Pro se plaintiff David Johnson's complaint suffers from several shotgun pleading deficiencies. First, "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1324-25 (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321

(11th Cir. 2015)).  Second, Johnson's complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  *Id*. at 1325 (quoting *Weiland*, 792 F.3d at 1322).  For example, the complaint leaves many intentionally blank spaces and fails to describe relevant facts while including other extraneous allegations that do not support any of his causes of action.  Third, Johnson asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Id*. (quoting *Weiland*, 792 F.3d at 1323).  The complaint does not clearly direct each count against particular defendants, often treats the defendants collectively, and confuses defendants with similar names or positions.  In short, it's a mess.

"When a litigant files a shotgun pleading . . . and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds."  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018); *see also Fields v. Conrad*, 2022 WL 291359, at *4 (11th Cir. Feb. 1, 2022) (per curiam) (applying this rule to and affirming the dismissal of a pro se plaintiff's shotgun pleading).  Thus, the Court orders Johnson to file an amended and restated complaint that specifies: (1) what causes of action are asserted against each defendant,

(2) which factual allegations form the basis of each claim against each defendant, and (3) the legal theory upon which he asserts liability against each defendant.  The amended and restated complaint shall be filed within 28 days of this order.  Failure to comply with this order within that time will result in the dismissal of this action.  Defendants' pending motions to dismiss (ECF Nos. 12 & 16) and motion for judgment on the pleadings (ECF No. 18) are terminated as moot but may be refiled if Johnson fails to comply with this order.

      IT IS SO ORDERED, this 21st day of July, 2022.

                                        S/Clay D. Land
                                        CLAY D. LAND
                                        U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA