```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

| | |
|---|---|
| DAVID T. JOHNSON, | * |
| Plaintiff, | * |
| vs. | *   CASE NO. 4:21-CV-219 (CDL) |
| URVASHI FOSTER, *et al.*, | * |
| Defendants. | * |

O R D E R

After being provided with an opportunity to cure his deficient Complaint, Plaintiff still apparently misunderstands the rules that apply to pleading a claim in federal court. Those rules are not complicated. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Court may dismiss a complaint that violates either of these rules as a shotgun pleading. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (further defining shotgun pleading categories). Pro se Plaintiff David Johnson's original complaint constituted a shotgun pleading, so the Court ordered him "to file an amended and restated complaint that specifies: (1) what causes of action are

asserted against each defendant, (2) which factual allegations form the basis of each claim against each defendant, and (3) the legal theory upon which he asserts liability against each defendant." Order 2-3, ECF No. 20.

Johnson's amended complaint remains deficient. First, it "is 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.'" *Barmapov*, 986 F.3d at 1325 (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015)). Johnson alleges that he "suffered" discrimination "based upon [his] race, sex, religion, age, and physical limitation," but he states no facts supporting those accusations. Am. Compl. 8, ECF No. 23.[1] Nor does he allege how he was subjected to retaliation and disability discrimination.

Second, the amended complaint "does not separate 'each cause of action or claim for relief' into a different count." *Barmapov*, 986 F.3d at 1325 (quoting *Weiland*, 792 F.3d at 1323). Johnson generally alleges that he brings this action "for violations of 5th, 13th, and 14th amendments to the United States Constitution" and Georgia anti-discrimination statutes, but he fails to separate these claims and others in distinct counts. Am. Compl. at 4.

---

[1] The amended complaint uses non-sequential page numbers, so when the Court cites the amended complaint it specifically cites the page number in ECF No. 23.

Third, Johnson asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov*, 986 F.3d at 1325 (internal quotation marks omitted) (quoting *Weiland*, 792 F.3d at 1323). Instead, the amended complaint, like the original complaint, treats the defendants collectively for most of the claims. Johnson does not even attempt to clearly assert each claim, supported by specific allegations, against particular defendants.

The Court understands that Johnson is not a lawyer. But he nevertheless must comply with the rules, which in this case are not complicated. His amended complaint still does not "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Having squandered the opportunity to cure the deficiencies, Plaintiff does not deserve another chance, which would likely prove futile. *See Barmapov*, 986 F.3d at 1326. Accordingly, the Court grants Defendants' motions to dismiss Johnson's amended complaint (ECF Nos. 28, 31, & 33).

IT IS SO ORDERED, this 30th day of November, 2022.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
