```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION

DAVID T. JOHNSON,              *

     Plaintiff,                *

vs.                            *    CASE NO. 4:21-cv-219 (CDL)

URVASHI FOSTER, et al.,        *

     Defendants.               *
```

O R D E R

The Court dismissed pro se Plaintiff David Johnson's amended complaint on shotgun pleading grounds and entered judgment in Defendants' favor. *Johnson v. Foster*, No. 4:21-CV-219 (CDL), 2022 WL 17340518, at *1 (M.D. Ga. Nov. 30, 2022). Johnson asks the Court to set aside that judgment under Federal Rule of Civil Procedure 60(b) based upon his own excusable neglect and based upon Defendants' alleged fraud, misrepresentations, and misconduct. Although Federal Rule of Civil Procedure 60(b) authorizes relief for these reasons, Johnson has failed to establish that he is entitled to it.

In support of his excusable neglect argument, Johnson argues that the Court did not give him sufficient guidance on how to draft his complaint, he did not act in bad faith, he suffers from health conditions limiting his ability to work, and he proceeded pro se. Pl.'s Mot to Vacate J. 4-6, ECF No. 44. The Court previously

allowed Johnson to amend his complaint and provided him specific instructions on how to properly plead his claims. Order 2-3, ECF No. 20. Further, the Court considered his health conditions by accepting his "tardy amended complaint" filed untimely "because of illness." Text Order (Sept. 12, 2022), ECF No. 27. And "while *pro se* complaints must be liberally construed, those complaints still must comply with the procedural rules governing the proper form of pleadings." *Novero v. Duke Energy*, 753 F. App'x 759, 766 (11th Cir. 2018) (per curiam) (citing cases and affirming the district court's dismissal of a shotgun pleading). Thus, Johnson has failed to show excusable neglect justifying relief from final judgment under Rule 60(b)(1).

In support of his argument that judgment should be set aside because of Defendants' fraud, misrepresentations, and/or misconduct, Johnson maintains that he "was taken unfair advantage of because of being disabled [and his] health problems" and "did not have a fair opportunity to present [his] case at any requested trial." Pl.'s Mot to Vacate J. at 9-10. Johnson, however, has not identified any specific fraud or misconduct. *See Jenkins v. Anton*, 922 F.3d 1257, 1270 (11th Cir. 2019) (requiring the party seeking relief under Rule 60(b)(3) to prove by clear and convincing evidence that the judgment resulted from the opposing party's fraud, misrepresentations, or other misconduct and that such conduct prevented him from presenting his claim); *see also Moore*

*v. Potter*, 141 F. App'x 803, 808 (11th Cir. 2005) (per curiam) (applying this standard to affirm the district court's termination of a pro se plaintiff's Rule 60(b)(3) motion to vacate the district court's grant of defendants' motions to dismiss). Therefore, he is not entitled to relief under Rule 60(b)(3).

Because Johnson is not entitled to relief under Rule 60(b), the Court denies his motions to vacate the judgment (ECF Nos. 44 & 45).

IT IS SO ORDERED, this 30th day of January, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA